

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

October 26, 1965

Honorable John C. White
Commissioner of Agriculture
Austin, Texas

Opinion No. C-534

Re: Construction of House Bill 1170, Acts 59th Legislature, 1965, Regular Session, Ch. 400, p. 828, which amended Section 4 of Article 1042b, Vernon's Penal Code, pertaining to the sale of flour in quantities under two pounds and related questions.

Dear Mr. White:

You have requested an opinion of this office concerning the construction of House Bill 1170, Acts 59th Legislature, 1965, Regular Session, Ch. 400, p. 828, which amended Section 4 of Article 1042b, Vernon's Penal Code, pertaining to the sale of flour in quantities under two pounds.

In your opinion request, you have posed the following questions:

"1. Does the elimination of 'specialty' definitions shift the basis for exemption from special ingredients and broaden it to include methods of packaging?

"2. Can the construction or design of a flour container be regarded as sufficient for exempting the product on the basis of 'special or limited use?'

"3. In view of your answers to the two above questions, does the accompanying produce sample 'Gold Medal WONDRA,' Pour 'N Shake' flour, meet the standards for exemption under the new legislation?"

Section 1 of Article 1042b provides that:

"The standard measures of wheat flour, whole wheat flour, graham flour, other cereal

-2560-

flour, and corn meal, except such cereals sold as grits, shall be packages containing net avoirdupois weights of two, five, ten, twenty-five, fifty, one hundred, one hundred fifty, and two hundred pounds."

Section 2 of Article 1042b provides that:

"It shall be unlawful for any person, firm, association, or corporation to pack for sale, sell or offer for sale in the State of Texas any wheat flour, whole wheat flour, graham flour, other cereal flour, or corn meal except in packages (including barrels, sacks, bags, cartons and other containers) of the above standard net weights."

Section 4 of Article 1042b, prior to its amendment by House Bill 1170, provided that:

"The provisions of this Act shall not apply to the retailing of wheat flour, whole wheat flour, graham flour, other cereal flour or corn meal direct to the consumer from bulk stock, nor to sales of flour to bakeries for exclusive use in such bakeries, nor to the exchange of flour or meal for wheat or corn by grist mills and other mills grinding for toll for producers; and that nothing herein contained shall be held to apply to any product such as prepared pancake flour, cake flour or other specialty, packed and distributed in identified original package, the net contents of which are five pounds or less." (Emphasis added).

Section 4 of Article 1042b, after its amendment by House Bill 1170, presently provides that:

"This Act does not apply to (1) the retailing of wheat flour, whole wheat flour, graham flour, other cereal flour, or corn meal directly to the consumer from bulk stock; (2) the sale of flour to a bakery for its exclusive use; (3) the exchange of flour or meal for wheat or corn between a gristmill and another mill grinding for toll for producers; (4) the packing for sale, offer for sale, or sale of a prepared flour or meal designed for a special or limited use and packed and distributed in an identified

original package the net weight of which is
five pounds or less." (Emphasis added).

Section 1 of Article 1042b prescribes the standard
measures of flour as packages containing weights of two, five,
ten, twenty-five, fifty, one hundred, one hundred fifty, and
two hundred pounds. Section 2 of Article 1042b makes it un-
lawful to sell or offer for sale flour except in packages of
the standard weights set forth in Section 1 of Article 1042b.
Section 4 of Article 1042b sets forth certain exceptions to
the provisions of Section 1 and Section 2 of Article 1042b.

Pursuant to the provisions of Section 4 of Article
1042b, prior to its amendment by House Bill 1170, the provisions
of Section 1 and Section 2 of Article 1042b did not apply to:

". . .any product such as prepared pancake
flour, cake flour or other specialty, . . ."

Since the amendment of Section 4 of Article 1042b by House Bill
1170, the provisions of Section 1 and Section 2 of Article 1042b
do not now apply to:

". . .the packing for sale, offer for
sale, or sale of a prepared flour or meal de-
signed for a special or limited use. . . ."

In Attorney General's Opinion No. WW-313 (1957), the
provisions of Section 4 of Article 1042b, prior to its amendment
by House Bill 1170, were commented upon, and it was stated:

". . .it appears it was the intent of
the Legislature to exclude from the restric-
tions of the Act such products as have distinctive
or restrictive qualities, which mark them with
some exceptional or peculiar characteristic. The
two enumerated products, to-wit, prepared pancake
flour and cake flour both fall within this commonly
accepted definition for both contain ingredients
or are so processed so as to be offered for sale,
and subsequently purchased for a limited use.
Both possess exceptional qualities which induce
the purchaser to seek out that particular product.
However, here the container itself indicates an
all-purpose flour, and not a specialized type of
flour, and the statute itself does not classify
a container as a specialty. . . .it is our
opinion that the subject package of all-purpose
flour, whose physical characteristics in no way
limit or restrict its use, may not be construed

to be a 'specialty' as that term is used in
Article 1042b, Vernon's Penal Code.  For this
reason, we are of the opinion that Sections 1
and 2 of Article 1042b, Vernon's Penal Code,
prohibit the <u>sale of the subject package of
flour</u>.  . . ."  (Emphasis added).

The amendment to Section 4 of Article 1042b, by
House Bill 1170, would allow ". . .the packing for sale, offer
for sale, or sale <u>of a prepared flour or meal designed for a
special or limited use</u>. . .(Emphasis added)" in packages with
weight measures other than those specified in Section 1 of
Article 1042b.  However, to qualify for such exemption from the
provisions of Section 1 and Section 2 of Article 1042b, the
flour, rather than the container, must be, in the words of the
statute, designed for a special or limited use.

While the provisions of Section 4 of Article 1042b
were amended by House Bill 1170, we are of the opinion that the
reasoning contained in Attorney General's Opinion No. WW-313
(1957), and set forth heretofore, would still be applicable as
it appears that it still remains the intent of the statutory
enactment to exclude only those products which have distinctive
or restrictive qualities or characteristics.  The fact that the
container in which the product is packed is designed for a limited
or special purpose does not suffice, under the terms of the
statute, to afford an exemption to the product.

In view of the foregoing, and in answer to the first
two questions posed by you, we are of the opinion that the ex-
emption afforded by Section 4 of Article 1042b, as amended by
House Bill 1170, from the provisions of Section 1 and Section 2
of Article 1042b is limited to a flour or meal designed for a
special or limited use, and such exemption does not extend to
all-purpose flour or meal packed in a container or package designed
for a limited or special use.  The exemption afforded by Section
4 of Article 1042b, as amended by House Bill 1170, is directed
toward the characteristics of the flour or meal rather than toward
the container in which it is packaged.

In reply to your third question, it should be noted
that the sample container which you have supplied this office
is almost identical in characteristics to the one supplied this
office in Attorney General's Opinion No. WW-313 (1957).  The
sample container is a shaker-type package of flour with a per-
forated top, weighing 13.5 ounces, and more fully described as
a pasteboard cylinder with a plastic top and metal bottom.  It
is designed to be used by pushing down a portion of the plastic

top and turning a revolving disk attached thereto so that the package provides for both reclosability and controlled dispensing. In addition, as was the case in Attorney General's Opinion No. WW-313 (1957), such sample is specifically labeled so as to indicate that it contains all-purpose flour.

As the sample submitted to this office of "Gold Medal WONDRA, Pour 'N Shake" flour is not a flour designed for a special or limited use, but is in fact an all-purpose flour, even though it is a granulated process flour, we are of the opinion that because such sample does not meet the standard measures specified in Section 1 of Article 1042b, the provisions of Section 2 of Article 1042b prohibit the sale or offer for sale of such product.

## S U M M A R Y

The exemption afforded by Section 4 of Article 1042b, Vernon's Penal Code, as amended by House Bill 1170, Acts 59th Legislature, 1965, Ch. 400, p. 828, from the provisions of Section 1 and Section 2 of Article 1042b, Vernon's Penal Code, is limited to a flour or meal designed for a special or limited purpose and does not include or extend to an all-purpose flour or meal packed in a container or package which is designed for a special or limited use.

The sample of flour submitted to this office, "Gold Medal WONDRA, Pour 'N Shake" is not a flour designed for a special or limited use, and therefore is not exempt, pursuant to the provisions of Section 4 of Article 1042b, as amended by House Bill 1170, from the provisions of Section 1 and Section 2 of Article 1042b, Vernon's Penal Code.

Very truly yours,

WAGGONER CARR
Attorney General

By: Pat Bailey
Pat Bailey
Assistant

PB:mkh

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
Harold Kennedy
Robert Owen
George Black
Malcolm Quick

APPROVED FOR THE ATTORNEY GENERAL
BY:  T. B. Wright